J-S14042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRANDON RUFFIN | |
| Appellant | No. 3684 EDA 2017 |

Appeal from the PCRA Order November 6, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011701-2014

BEFORE:  OTT, J., MCLAUGHLIN, J., and RANSOM, J.[*]

MEMORANDUM BY RANSOM, J.:  **FILED APRIL 26, 2018**

Appellant, Brandon Ruffin, appeals from the order entered November 6, 207, denying his timely petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On August 4, 2014, Appellant was arrested in connection with a shooting which killed three-year-old Tynirah Borum and seriously injured three adults, including the child's mother.  In June 6, 2016,[1] following an extensive oral and written colloquy and represented by Michael Wallace, Esq., Appellant entered into a negotiated guilty plea to third-degree murder, conspiracy to commit murder, three counts of attempted murder, three counts of aggravated

_____

[1] The matter had proceeded to trial and jury selection had been completed prior to Appellant's plea.

_____

[*] Retired Senior Judge Assigned to the Superior Court.

assault, and one count of possession of a firearm by a person prohibited.[2]  The remaining charges were *nolle prossed*.

The same day, the court imposed an aggregate sentence of forty to eighty years of incarceration, which included consecutive twenty- to forty-year sentences for third degree murder and conspiracy, and concurrent sentences on the rest of his charges.  Appellant did not timely appeal.  Instead, on July 20, 2016, he *pro se* filed a post-sentence motion to withdraw his guilty plea.  It does not appear from the record that the court ruled on this motion or that it was denied by operation of law.  Thereafter, on May 26, 2017, Appellant *pro se* timely filed a petition seeking post-conviction relief.  Counsel was appointed and filed an amended petition on his behalf.

In November 2017, the court held an evidentiary hearing.  At the hearing, Appellant indicated that despite the fact that he had been extensively colloquied regarding the voluntariness of his plea and the appellate rights he was giving up, he did not want to plead guilty.  ***See*** Notes of Testimony (N.T.), 11/6/17, at 6-30.  Appellant claimed that Attorney Wallace pressured him into pleading guilty, told Appellant he would file a motion to withdraw his plea and direct appeal, and never filed any further petitions on Appellant's behalf.  ***Id.***  Appellant claimed that he never heard from Attorney Wallace again, but also admitted that he did not contact his attorney while incarcerated.  ***Id.***  Appellant also claimed that the court represented to him that with good time,

_____

[2] 18 Pa.C.S. §§ 2502(c), 903, 901, 2702, and 6105, respectively.

- 2 -

he could be released on parole in twenty years. *Id.* at 11-12. Appellant claimed he lied when he testified under oath that he was pleading guilty of his own free will. *Id.* at 21.

Attorney Wallace testified that Appellant did not ask him to withdraw the plea and he never discussed either withdrawing the plea or appealing his sentence with Appellant. *Id.* at 32. Prior to Appellant agreeing to plead guilty, Attorney Wallace informed Appellant that the Commonwealth had a strong case against him, and it was in his best interest to accept a plea offer, where he faced life imprisonment. *Id.* at 33.

At the conclusion of the hearing, the court dismissed the PCRA petition. Appellant timely appealed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal and relied upon its opinion dismissing the PCRA.

Appellant raises the following questions for our review:

I. Was trial counsel ineffective for failing to file a direct appeal?

II. Was trial counsel ineffective for failing to consult with Appellant regarding the filing of a direct appeal after Appellant requested he do so?

III. Was trial counsel ineffective for failing to file a motion to withdraw Appellant's guilty plea because it was unlawfully induced and Appellant is innocent?

Appellant's Brief at 3.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of

record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We presume counsel is effective. **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must plead and prove, by a preponderance of the evidence, that 1) the underlying issue has arguable merit; 2) counsel's actions lacked an objective reasonable basis; and 3) petitioner suffered actual prejudice from the act or omission. **See Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). A claim will be denied if the petitioner fails to meet any one of three prongs discussed *supra*. **Commonwealth v. Springer**, 961 A.2d 1262, 1267 (Pa. Super. 2008); **see also Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant first claims that counsel was ineffective for failing to file a direct appeal on his behalf. **See** Appellant's Brief at 7. According to Appellant, he verbally requested that counsel file a direct appeal in the courtroom immediately after sentencing. **Id.** at 8. Appellant concludes that counsel's unexplained failure to file a direct appeal constitutes ineffective assistance *per se*. **Id.**

With regard to counsel's effectiveness in failing to file a direct appeal,

[o]ur Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se,* such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request.

***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011) (internal citations and quotations omitted).

Here, the PCRA court determined that Appellant failed to prove he had requested that trial counsel file a direct appeal. ***See*** PCRA Court Opinion (PCO), 11/14/17, at 6. The PCRA court further noted:

During the evidentiary hearing, [Appellant] testified that he lied during this [c]ourt's guilty plea colloquy and had entered into the negotiated plea against his own free will. [Appellant] further testified that he asked counsel to withdraw his guilty plea and file a notice of appeal during a sidebar conversation that occurred after this [c]ourt excused trial counsel. This [c]ourt finds [Appellant's] account incredible, as [he] was led out of the courtroom immediately after this [c]ourt imposed sentence and immediately before trial counsel was excused. The only off-record conversation between trial counsel and [Appellant] occurred at this [c]ourt's instruction to determine whether [Appellant] was willing to waive his presence for a possible restitution hearing . . . After it was determined that such a hearing would not be necessary, this [c]ourt gave [Appellant] a final opportunity to ask about his rights or sentence, and [Appellant] indicated that he had no questions. Although [Appellant] had occasions to write counsel to make such a request, [Appellant] admits that he never wrote to counsel. [Appellant] presents no evidence to support his claim beyond his self-serving assertions.

*See* PCO at 6-7.[3]

As these findings are supported by the record, we find no merit in Appellant's claim. *See Ragan*, 923 A.2d at 1170; *see also* N.T., 6/7/16, at 57-58, 60-62; 11/6/17 at 32-35.

Next, Appellant claims that trial counsel was ineffective for failing to consult with him regarding the filing of a direct appeal after Appellant requested that he do so. *See* Appellant's Brief at 9. Appellant argues that Attorney Wallace was "arguably on notice" due to Appellant's untimely motion to withdraw his guilty plea and where he told counsel he wished to file a direct appeal. *Id.* at 9-10.

With regard to counsel's duty to consult, this Court has held as follows:

[Case law] impose[s] a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal. The failure to consult may excuse the defendant from the obligation to request an appeal . . . such that counsel could still be found to be ineffective in not filing an appeal even where appellant did not request the appeal . . . .

Pursuant to *Roe*[4] and *Touw*,[5] counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want

---

[3] The PCRA court also noted Appellant's lack of credibility in general, as he claimed during the evidentiary hearing that the PCRA court informed him that he could be released after twenty years of imprisonment despite his forty-year minimum sentence. *See* PCO at 7. The PCRA court notes that the court did not and would not make such a representation. *Id.*

[4] *Roe v. Flores–Ortega*, 120 S. Ct. 1029, 1036 (2000).

[5] *Commonwealth v. Touw*, 781 A.2d 1250, 1254-55 (Pa. Super. 2001).

to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Ousley*, 21 A.3d at 1244–45.

In the instant case, Appellant entered a negotiated guilty plea and, accordingly, waived the right to challenge all non-jurisdictional defects except the legality of his sentence and the validity of his plea. *See Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). Appellant's aggregate sentence of forty to eighty years for third degree murder and conspiracy to commit murder was a legal sentence. *See* 18 Pa.C.S. § 1102(c)-(d) (noting that statutory maximum for third degree murder and conspiracy to commit murder is forty years). At the guilty plea hearing, Appellant had indicated that he was pleading guilty of his own volition and understood the rights he was giving up. *See Pantalion*, 957 A.2d at 1271; *see also* N.T., 6/7/16 at 14-17, 27-32. The Commonwealth, which had originally sought to try the matter as a capital case, agreed to this sentence. Accordingly, based on the above, counsel would have no reason to believe a rational defendant would wish to appeal, as there were no non-frivolous grounds apparent from the record. *See Ousley*, 21 A.3d 1244-45.

Nevertheless, Appellant argues that *he* was interested in appealing and had reasonably demonstrated to counsel that he was interested in appealing. *See* Appellant's Brief at 10. Appellant argues that his motion to withdraw his guilty plea, filed thirteen days after his time to file a direct appeal had expired, established that he wished to file a direct appeal. *Id.* Although he

acknowledges that his appeal would have been untimely, Appellant claims counsel should have sought to restore his direct appeal rights *nunc pro tunc*. *Id.* at 11. In the alternative, Appellant claims he told counsel that he wished to appeal and that it was "more likely than not" that he did request counsel to file an appeal. *Id.* at 11.

As noted above, we have already determined the PCRA court's finding that Appellant did not ask counsel to file an appeal was supported by the record.

Additionally, Appellant's post-sentence motion to withdraw his plea was filed well beyond the ten-day time limit for post-sentence motions. *See* Pa.R.Crim.P. 720(A)(1). It was also filed nearly two weeks after the time to file a timely appeal had expired. *See* Pa.R.A.P. 903(a). An untimely post-sentence motion does not toll the thirty-day appeal period. *See* *Commonwealth v. Dreves*, 839 A.2d 1122, 1127 (Pa. Super. 2003). Appellant provides no other reason why he would be entitled to the reinstatement of his direct appeal rights *nunc pro tunc*, where he did not establish that counsel's actions denied his right to a direct appeal. *See* *Commonwealth v. Pulanco*, 954 A.2d 639, 642 (Pa. Super. 2008) (noting that a PCRA petitioner is entitled to an appeal *nunc pro tunc* where counsel's actions entirely denied his right to a direct appeal). Accordingly, Appellant did not demonstrate to counsel that he was reasonably interested in appealing. *See Ousley*, 21 A.3d at 1244–45.

Finally, Appellant claims that trial counsel was ineffective due to his failure to file a motion to withdraw his plea because it was unlawfully induced, the court's colloquy was deficient, and Appellant is innocent. *See* Appellant's Brief at 12. Essentially, his argument centers around the fact that Appellant was not advised by the court of the range of sentences and possible fines during the oral colloquy, and that this rendered his plea invalid. *Id.*

We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of counsel under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. *See, e.g., [Commonwealth v.] Allen*, 558 Pa. [135,] 144, 732 A.2d [582,] 587 [(1999)])." Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea."…
>
> The standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (some citations omitted; brackets in original). Where a defendant enters a plea on the advice of counsel, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. *Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013). In determining whether a plea was entered knowingly and voluntarily, this

Court considers the totality of the circumstances surrounding the plea. ***Commonwealth v. Flanagan***, 854 A.2d 489, 513 (Pa. 2004).

To be valid, the court must determine: "1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***See Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015) (internal citations omitted). Additionally, "a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." ***Id.***

Here, the record reflects that Appellant entered into a negotiated guilty plea. He signed a guilty plea colloquy, indicating that he was aware of the charges, the maximum sentence for the offense, and the circumstances surrounding the charges. ***See*** N.T., 6/7/16 at 14-17, 27-32; ***see also*** Guilty Plea Colloquy, 6/7/16, at 1-4. He admitted to committing the crimes and acknowledged that plea counsel had adequately explained the charges to him. ***Id.*** He understood the rights he was foregoing with his plea and stated that no one had coerced him into pleading guilty. ***Id.*** Further, he executed an addendum to the colloquy which listed the permissible sentence ranges and detailed his potential exposure and was informed that he faced an aggregate maximum sentence of two hundred eighty years of incarceration. ***Id.***; ***see also*** N.T., 6/7/16, at 16. Accordingly, the totality of the circumstances

supports the contention that Appellant's plea was entered knowingly, intelligently, and voluntarily. **See Flanagan,** 854 A.2d at 513.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/18